**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE COLEMAN | ) | |
| | ) | |
| Plaintiff, | ) | No.:  23 CV 03606 |
| | ) | |
| v. | ) | Honorable Manish S. Shah |
| | ) | |
| REMPREX, LLC, | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTIONS IN LIMINE (1-11)

NOW COMES Defendant, REMPREX, LLC ("Remprex"), by its undersigned counsel, and hereby moves the Court *in limine*, to bar Plaintiff and its counsel from offering evidence, argument, comment or testimony that are the subject of Defendant's Motions in Limine 1 through 11.  Defendant requests that the Court bar and preclude all such evidence, comment, argument or testimony in the presence of the trier of fact, either directly or indirectly, at any stage of the trial.

## MOTION IN LIMINE NO. 1

Pursuant to Fed. R. Evid. 403 and 404, Defendant moves to bar plaintiff from offering any evidence of other complaints, actions or letters threatening litigation against Defendant and with reference to former charges, lawsuits or claims relating to or regarding harassment or discrimination.

Evidence of an individual's prior acts may not be admitted into evidence to show "action in conformity" therewith. *See* Fed. R. Evid. 404(b). Should Plaintiff seek to introduce evidence of other matters (such as other complaints, lawsuits, charges) against Remprex for the purpose of portraying Defendant as a serial offender of discrimination or harassment, an admission of guilt or fault, or as a character assessment of defendant or anyone associated with Defendant, it should be barred.  Such use of "evidence" constitutes an impermissible character attack.

1

Furthermore, such testimony must be excluded as "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading" a trier of fact. Fed. R. Evid. 403. "Unfair prejudice…means an undue tendency to suggest decision on an improper basis, [such as] an emotional one." Fed. R. Evid. 403 Advisory Committee Notes.

## MOTION IN LIMINE NO. 2

Defendant moves this court to exclude witnesses appearing in the courtroom prior to their testimony since such appearance is likely to cloud or taint their testimony and confuse the issues.

## MOTION IN LIMINE NO. 3

Defendant moves this court for an order precluding Plaintiff from personally testifying regarding any conclusion or opinion that Remprex or any of its employees discriminated against her, retaliated against her, wrongfully terminated her or harassed her. The Motion is made on the grounds that to allow Plaintiff to testify in a conclusory manner regarding the ultimate decisions of the trier of fact attempts to usurp the province of the trier of fact and attempts to give legal conclusions for which Plaintiff has no foundational basis to make.

## MOTION IN LIMINE NO. 4

Defendant moves the Court for an order precluding Plaintiff from personally testifying as to any alleged diagnosis of emotional distress or that any alleged discrimination, retaliation or harassment by Remprex or any of its employees caused Plaintiff's alleged emotional distress on the grounds that such testimony would constitute improper medical opinion and no such medical evidence has been submitted nor has any medical expert been designated by the Plaintiff. The Motion is made on the grounds that any evidence Plaintiff would testify about regarding a medical condition or diagnosis calls for a medical opinion and any testimony regarding what a physician

has told her would be hearsay evidence offered for the truth of the matter asserted which is precluded.

**MOTION IN LIMINE NO. 5**

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument on the size and financial condition of Remprex, any insurance policy or regarding Remprex's counsel (including size, the nature and location of the law firm representing Remprex, and any references to Remprex's counsel as a "big firm") or her own counsel. The Motion is made on the grounds that such evidence is irrelevant to Plaintiff's claims, and would unfairly prejudice Defendant, waste the Court's time, confuse the issues and mislead the trier of fact. *See* Fed. R. Evid, 401, 402 and 403.

**MOTION IN LIMINE NO. 6**

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument on Plaintiff's financial condition and/or financial distress. The Motion is made on the grounds that such evidence is irrelevant to Plaintiff's claims, and would unfairly prejudice Defendant, waste the Court's time, confuse the issues and mislead the trier of fact. *See* Fed. R. Evid, 401, 402 and 403.

**MOTION IN LIMINE NO. 7**

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument on changes Remprex made to its practices, policies, or procedures that were proposed or implemented as a result of its internal

investigations or reviews. Fed. R. Evid. 407; *Kyung Hye Yano v. City Colleges of Chicago*, 2014 WL 7450559, at *6 (N.D. Ill. December 31, 2014) (recognizing that Fed. R. Evid. 407 prohibits evidence of subsequent changes to company practices, rules, procedures, and policies).

## MOTION IN LIMINE NO. 8

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument on Plaintiff's entitlement to punitive damages. In this case, Plaintiff has not requested punitive damages. Furthermore, Plaintiff is unable to make a legitimate case for punitive damages against Remprex because there is no evidence that Remprex had a reckless or callous disregard for Plaintiff's rights and/or intentionally violated federal law. *Mister v. Illinois Cent. Gulf R. Co.*, 790 F. Supp. 1411, 1422 (S.D. Ill. 1992). Discussing punitive damages without establishing the right to seek them is premature and prejudicial. *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893 (N.D. Ill. 2014); Fed. R. Evid. 401; 403. It will also confuse and mislead the trier of fact on matters that may not come to fruition and that are irrelevant to the determination of what may otherwise be at issue. *Id*. Further, there is no dispute that Remprex took good-faith efforts to prevent discrimination through its non-discrimination policies and standard procedure to conduct internal investigations of discrimination complaints.

## MOTION IN LIMINE NO. 9

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument regarding complaints of other diverse employees of Remprex. Any claims by current or former Remprex employees whose claims are not at issue in this case are wholly irrelevant to whether Remprex discriminated against Plaintiff due to her

race. Fed. R. Evid. 401, 402. This sort of speculative and extraneous commentary would confuse and mislead the record in averring that Remprex has any responsibility for these other claims as part of this case, which is not supported in the record or the allegations.

"The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered" by the trier of fact. *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The evidence before the trier of fact in the case at hand and matters considered by the trier of fact should be that relating to the Plaintiff only, and not any other individuals that may have made claims against Remprex in the past or may make claims against Remprex in the future. Any allegations and claims of other individuals have no probative value or relevance to the issue of whether or not Plaintiff suffered an adverse employment action on the basis of her race. 42 U.S.C. § 2000e-2; Fed. R. Evid. 401; 402. Evidence of other claims by different individuals would not be proof of any misconduct by Remprex employees towards Plaintiff. The Federal Rules prohibit evidence of alleged prior acts from being admitted into evidence to show "action in conformity" therewith. Fed. R. Evid. 404(b).

There is no way to introduce evidence of other individuals' alleged claims and experiences with Remprex and its employees without triggering a need for Remprex to separately defend multiple collateral lawsuits and unrelated issues within Plaintiff's case, which would only result in confusion and delay from the issues relating specifically to Plaintiff. *Stopka v. Alliance of American Insurers*, 141 F.3d 681, 687 (7th Cir. 1998) (defendant should not have to defend a trial within a trial); Fed. R. Evid. 403.

### <u>MOTION IN LIMINE NO. 10</u>

Defendant moves the Court for an order prohibiting Plaintiff, her counsel and any witnesses

they may call or examine from making any reference to, commenting about, introducing testimony, evidence or documents, or presenting argument that are hearsay. Under Rule 801(c), hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Rule 802 provides that hearsay is inadmissible unless a specific exception applies.

Plaintiff has indicated an intent to introduce statements allegedly made by others at Remprex and conveyed to Plaintiff by Jessica Manning. Plaintiff did not directly hear these statements made by any purported declarant. Such statements are out-of-court assertions offered for their truth, Rule 801(c), and therefore are inadmissible under Rule 802. Defendant is also not aware of any hearsay exception that would apply to these statements. Fed. R. Evid. 803.

## MOTION IN LIMINE NO. 11

Plaintiff has indicated an intent to introduce evidence regarding a prior conviction of defense witness Kari McKay. Ms. McKay's prior conviction is not relevant to the case and is not needed to prove any fact essential to the judgment. The Motion is made on the grounds that such evidence is irrelevant to Plaintiff's claims, and would unfairly prejudice Defendant, waste the Court's time, confuse the issues and mislead the trier of fact. *See* Fed. R. Evid, 401, 402 and 403.

WHEREFORE, Defendant REMPREX, LLC, requests of this Court an order in limine directing Plaintiff not to mention, reference, argue, offer evidence, offer testimony, offer opinions, or otherwise convey before the trier of fact, at any stage during this trial directly or indirectly, the above matters, and to instruct the parties to warn and caution all witnesses to follow these instructions.

Respectfully Submitted,

Dated: June 18, 2026　　　　　　　　　　REMPREX, LLC,

By: /s/ *John R. Hayes*
One of Defendant's Attorneys

6

Julie A. Proscia (ARDC No.: 6280896)
Peter E. Hansen (ARDC No.: 6323532)
AMUNDSEN DAVIS, LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7910 – Telephone
JProscia@amundsendavislaw.com
PHansen@amundsendavislaw.com
*ATTORNEYS FOR DEFENDANT*

John R. Hayes (ARDC No.: 6286365)
Hailey M. Golds (ARDC No.: 6312907)
AMUNDSEN DAVIS, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 455-3071 - Telephone
JHayes@amundsendavislaw.com
Hgolds@amundsendavislaw.com

7